**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHEVRON CORPORATION,

Petitioner,

To Issue Subpoenas For The Taking Of Depositions And The Production Of Documents.

Civil Action No: ___________________

***EX PARTE* APPLICATION OF CHEVRON CORPORATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FROM THE WEINBERG GROUP INC. AND RELATED INDIVIDUALS FOR USE IN FOREIGN PROCEEDINGS**

Based upon the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Claudia M. Barrett ("Barrett Decl."), and the accompanying Requests for Judicial Notice, Chevron Corporation ("Chevron") hereby applies to this Court *ex parte* for an Order, pursuant to 28 U.S.C. § 1782 ("Section 1782"), and Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure, granting this application to serve The Weinberg Group Inc. ("Weinberg"), Matthew R. Weinberg, Ted Dunkelberger, S. Thomas Golojuch, Christopher Arthur, Kerry Roche, and Marla Scarola (collectively "Respondents" or "Weinberg Group"), with the subpoenas attached to the Barrett Declaration as Exhibits A-G, or, in the alternative, for an Order to Show Cause why the subpoenas should not issue and establishing an expeditious briefing schedule to resolve any objections.

The requirements of Section 1782 are met by Chevron's Application. First, Respondents reside or may be found in the District of Columbia. Second, the discovery sought is for use in proceedings currently pending before two foreign tribunals, each of which is sufficient, alone, to satisfy the requirements of Section 1782: (1) *Maria Aguinda y Otros v. Chevron Corporation*, pending in the Superior Court of Nueva Loja, Ecuador (the "Lago Agrio Litigation"), and

(2) *Chevron Corporation and Texaco Petroleum Company vs. The Republic Of Ecuador*, an arbitration claim under the Bilateral Investment Treaty between the United States and Ecuador pending in the Permanent Court of Arbitration in the Hague (the "Treaty Arbitration"). Third, as a litigant in each of those proceedings, Chevron is an "interested person" within the meaning of Section 1782.

The discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 249 (2004), also weigh in favor of granting this Application. Respondents are not "participants" in either the Lago Agrio Litigation or the Treaty Arbitration. Both arbitral tribunals and Ecuadorian courts have been historically receptive to Section 1782 assistance from federal courts. *See In re Applic. of Chevron Corp.* ("*Berlinger*"), 709 F. Supp. 2d 283 (S.D.N.Y. 2010); *In re Applic. of Chevron Corp.*, No. 4:10-mc-134, 2010 U.S. Dist. LEXIS 120479 (S.D. Tex. Apr. 5, 2010); Barrett Decl., Ex. WW (*Chevron Corp. v. Stratus Consulting, Inc.*, No. 10-cv-00047-JLK, Trans. (D. Colo. Mar. 4, 2010)); *In re Applic. of Chevron Corp.*, Misc. No. 1:10-MI-0076-TWT-GGB, 2010 U.S. Dist. LEXIS 114724, at *10 (N.D. Ga. Mar. 2, 2010); Barrett Decl., Ex. QQ (*In re Applic. of Chevron Corp.*, No. 2:10-cv-02675-SRC-MAS, Trans. (D.N.J. June 11, 2010); *see also In the Matter of Campania Chilena de Navegacion Interoceanica S.A.*, No. 03-cv-5382 (ERK), 2004 U.S. Dist. LEXIS 6408 (E.D.N.Y. Jan. 29, 2004); *In re Application of Noboa*, Nos. M18-302, M19-111, 1995 U.S. Dist. LEXIS 14402 (S.D.N.Y. Oct. 3, 1995); *In re Oxus Gold PLC*, No. MISC 06-82-GEB, 2007 U.S. Dist. LEXIS 24061 (D.N.J. Apr. 2, 2007); *Ukrnafta v. Carpatsky Petroleum Corp.*, No. 3:09-mc-265 (JBA), 2009 U.S. Dist. LEXIS 109492 (D. Conn. Aug. 27, 2009); *Norfolk S. Corp. v. Gen. Sec. Ins. Co.*, 626 F. Supp. 2d 882 (N.D. Ill. 2009).

The Application does not conceal an attempt to circumvent foreign proof-gathering restrictions in either of the foreign proceedings. An applicant under Section 1782 need not show that the evidence sought would be discoverable or admissible in the foreign jurisdiction. *Intel*, 542 U.S. at 261. Rather, in determining whether a petition is an effort to circumvent foreign proof-gathering restrictions, the consideration for a district court is whether the discovery is

being sought in bad faith. *Minatec Fin. S.A.R.L. v. SI Group Inc*., No. 1:08-cv-269 (LEK/RFT), 2008 U.S. Dist. LEXIS 63802, at *26 (N.D.N.Y Aug. 18, 2008). In this case, Chevron's request for discovery is a good faith effort to obtain probative evidence that is not unduly intrusive or burdensome. The discovery requested goes to central issues in both foreign proceedings and would be permitted under the Federal Rules of Civil Procedure.

Chevron has filed a number of related Section 1782 petitions seeking discovery regarding the Lago Agrio Litigation and the Treaty Arbitration, which have been granted by each of the seventeen federal district courts to have decided them. *See In re Applic. of Chevron Corp.*, Misc. No. 1:10-MI-0076-TWT-GGB, 2010 U.S. Dist. LEXIS 114724, at **9-14 (N.D. Ga. Mar. 2, 2010) (authorizing deposition and document discovery of Charles Calmbacher); Barrett Decl., Ex. WW at 8 (D. Colo. Mar. 4, 2010) (authorizing subpoenas to issue for depositions and documents from Plaintiffs' environmental consultants Stratus Consulting); *In re Applic. of Chevron Corp.*, No. 4:10-mc-134, 2010 U.S. Dist. LEXIS 120479 (S.D. Tex. Apr. 5, 2010) (granting discovery of Plaintiffs' consultants 3TM Consulting); *Berlinger*, 709 F. Supp. 2d 283 (authorizing discovery from film *Crude* producer Joe Berlinger); Barrett Decl., Ex. QQ at 47 (authorizing subpoenas for depositions and documents from Plaintiffs' consultant UBR); Request for Judicial Notice of U.S. Filings and Orders ("U.S. Filings RJN"), Ex. I (Order (S.D. Cal. June 23, 2010)); Barrett Decl., ¶ 59 (court authorizing subpoenas to issue for depositions and documents from E-Tech); U.S. Filings RJN, Ex. B at 13 (Minute Order authorizing subpoena for deposition and documents from Plaintiffs' former Ecuadorian attorney, Alberto Wray (D.D.C. July 22, 2010)); *In re Applic. of Chevron Corp.*, No. 3:10-cv-00686, 2010 U.S. Dist. LEXIS 120798 (M.D. Tenn. Aug. 17, 2010) (authorizing subpoena for deposition and documents from Plaintiffs' consultant Mark Quarles); U.S. Filings RJN, Ex. C (Order authorizing subpoena for deposition and documents from Plaintiffs' lead counsel, Steven Donziger (S.D.N.Y. Aug. 6, 2010)); *id.*, Ex. D (Order authorizing subpoena for depositions and documents from Plaintiffs' consultant Dick Kamp (D.N.M. Sept. 2, 2010)); *Chevron v. Champ* ("*Champ*"), No. 1:10-mc-27, 2010 WL 3418394 (W.D.N.C. Aug. 28, 2010) (authorizing subpoena for deposition and

documents from Plaintiffs' consultant Charles Champ); *In re Applics. of Veiga and Wray*, Misc. Nos. 10-370 (CKK)(DAR), 10-371 (CKK)(DAR), 2010 WL 4225564 (D.D.C. Oct. 20, 2010) (granting application for deposition and documents from Plaintiffs' former Ecuadorian attorney, Alberto Wray); *In re Applic. of Chevron Corp.*, No. 10 MC 00002(LAK), 2010 WL 4118093 (S.D.N.Y. Oct. 20, 2010) (denying motion to quash subpoena for depositions and documents from Plaintiffs' counsel Steven Donziger); *In re Chevron Corp.*, Nos. 10-CV-2989-AW, 10-CV-2990-AW, 2010 WL 48880378 (D. Md. Nov. 24, 2010) (granting Section 1782 application for New Expert Daniel Rourke and Carlos E. Picone); U.S. Filings RJN, Ex. J (granting Section 1782 application for New Expert Paolo Scardina); *id.*, Ex. K (granting Section 1782 application for New Expert Lawrence W. Barnthouse); *id.*, Ex. L (granting Section 1782 application for New Expert Douglas C. Allen); *Chevron Corp. v. Shefftz*, No. 10-mc-10352-JLT, 2010 WL 5099366 (D. Mass. Dec. 7, 2010) (granting Section 1782 application for New Expert Jonathan S. Shefftz).

Plaintiffs began opposing these Applications after the proceeding in Georgia resulted in testimony from one of their former experts, Dr. Charles Calmbacher, revealing that Plaintiffs had submitted in the Lago Agrio Litigation two reports under Dr. Calmbacher's name, assessing millions in remediation costs, that Dr. Calmbacher did not author: "I did not reach these conclusions and I did not write this report." Barrett Decl., Ex. EE at 116:9-10. Several courts have addressed Plaintiffs' various objections to discovery and all have rejected them. *See, e.g.*, *Berlinger*, 709 F. Supp. 2d 283; *In re Applic. of Chevron Corp.*, Misc. No. H-10-134, 2010 WL 2038826, at *4 (S.D. Tex. May 20, 2010); U.S. Filings RJN, Ex. H (*Chevron Corp. v. Berlinger*, Nos. 10-1918-cv, 10-1966-cv (2d Cir. July 15, 2010)); *Champ*, 2010 WL 3418394. Nonetheless, Chevron anticipates that Plaintiffs will oppose this discovery.

Chevron has a pressing need for this discovery. On December 17, 2010, the Ecuador trial court issued an order known as *autos para sentencia,* which is a precursor to entry of judgment. *See* Request for Judicial Notice of Lago Agrio Filings and Orders ("Lago Agrio RJN"), Ex. BB. Thus Chevron must act promptly to obtain this critical evidence and expeditiously submit it to the trial court in order to complete the picture of fraud and collusion that it has been building

against the government of Ecuador.[1] *See* Lago Agrio RJN, Ex. CC. Accordingly, Chevron respectfully requests that this Court grant this *ex parte* application, or, in the alternative, enter an order to show cause setting an extremely abbreviated briefing schedule to resolve any objections that Plaintiffs might have.

If an order to show cause is issued, Chevron proposes that Respondents be granted one week from the date of the issuance of the order to show cause to oppose the discovery, that Chevron receive three days for its reply, and that, if the Court believes a hearing would be helpful, that it be held at the earliest possible time the Court can accommodate. Upon resolution of any objections, Chevron respectfully requests that this Court enter an order, pursuant to Rules 26, 30, 34, and 45 of the Federal Rules of Civil Procedure and Section 1782, granting it leave to issue the subpoenas attached to the Barrett Declaration as Exhibits A-G and taking notice that said subpoenas have been properly served, in accordance with Rule 45, on Respondents when served as an executed attachment to the Barrett Declaration.

DATED: January 21, 2011 Respectfully submitted,

/s/ Peter E. Seley
Peter E. Seley, Esq. (D.C. Bar No. 440936)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Ave., N.W.
Washington, DC 20036
T: (202) 887-3689
F: (202) 530-9594
E: PSeley@gibsondunn.com
D.C. Bar No: 440936

Andrea E. Neuman, Esq. (*Pro Hac Vice* Pending)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive

---

[1] Although the pending entry of judgment makes all discovery in this proceeding an urgent matter, further discovery would still be permitted after entry of judgment. Section 1782 authorizes discovery "for use in a proceeding in a foreign tribunal," but there is no requirement that such use be immediate or that the proceeding be currently active, only that such proceedings "be within reasonable contemplation." *Intel Corp.*, 542 U.S. at 249.

Irvine, CA 92612-4412
T: (949) 451-3937
F: (949) 451-4220
E: ANeuman@gibsondunn.com

Attorneys for Applicant
CHEVRON CORPORATION